# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN M. DONAHUE, : | |
| : | |
| **Plaintiff** : | CIVIL ACTION NO. 3:18-1531 |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **SUPERIOR COURT OF** : | |
| **PENNSYLVANIA**, *et al.*, : | |
| **Defendants** : | |

# M E M O R A N D U M

## I.  BACKGROUND

Pending before the court is the report and recommendation, (Doc. 21), of Judge Karoline Mehalchick recommending that this civil rights action, under 42 U.S.C. §1983, filed by *pro se* plaintiff Sean M. Donahue,[1] be dismissed in its entirety. Specifically, Judge Mehalchick recommends that the court grant plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), for the sole purpose of filing his amended complaint, and thereafter grant the motion to dismiss plaintiff's amended complaint, (Doc. 11), and the State Court Defendants, (Doc. 12), since the claims against these defendants are barred by the Eleventh Amendment. Judge Mehalchick also screened plaintiff's

---

[1]Donahue repeatedly misidentifies Judge Mehalchick as the "magistrate." The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Donahue is reminded to use the correct title, in the future, when referring to Judge Mehalchick.

amended complaint under 28 U.S.C. §1915[2] and found that the remainder of plaintiff's amended complaint, raising various claims related to his criminal proceedings in state court,[3] should also be dismissed.

On February 6, 2019, the court granted plaintiff's request for an extension of time to file his objections. The plaintiff filed his 56-page objections to the report and recommendation on February 7, 2019, with a copy of the transcript from his September 2017 sentencing in Luzerne County Court attached as an exhibit. (Doc. 24). The plaintiff then filed supplemental objections to the report on February 13, 2019. (Doc. 25).

After having reviewed the record, the court will **ADOPT** the report and recommendation. The amended complaint will be **DISMISSED IN ITS ENTIRETY** and, plaintiff's objections will be **OVERRULED**. Further, this case will be **CLOSED**.

---

[2]Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002).

[3]Since Judge Mehalchick notes all of the criminal cases filed against plaintiff in her report, the court will not repeat them. The court also notes that the Criminal Dockets for plaintiff can be found at http://ujsportal.pacourts.us. The court can take judicial notice of the plaintiff's Criminal Dockets for purposes of defendants' instant motion as an official state court record and matters of public record. *See* Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

With respect to the portions of a report and recommendation to which no objections are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### III. DISCUSSION[4]

Initially, Judge Mehalchick correctly determines that plaintiff's proposed second amended complaint, (Docs. 14-1 & 14-2), should be **DISMISSED** as improperly filed, and hence the State Court Defendants' motion to dismiss this pleading, (Doc. 15), can be **DENIED AS MOOT**. Judge Mehalchick's report will be **ADOPTED** in this regard for the reasons stated therein. As such, plaintiff will be deemed proceeding on his original amended complaint. (Doc. 11).

Plaintiff names 11 defendants in his amended complaint and he raises claims for injunctive and declaratory relief. After a thorough analysis, Judge Mehalchick properly finds that "[plaintiff's] claims for prospective relief against the State Court Defendants, as well as against the Commonwealth of Pennsylvania, are barred by the doctrine of Eleventh Amendment immunity." In his objections to this finding, plaintiff largely repeats his contentions he raised in his brief in opposition to the State Court Defendants' motion to dismiss which were correctly addressed in the report.

Suffice to say that in Green v. Domestic Relations Section Court of Common Pleas Compliance Unit Montgomery County, 649 Fed.Appx. 178, 180 (3d Cir. 2016), the Third Circuit explained:

> [Plaintiff's] claims are precluded by the Eleventh Amendment, which generally immunizes Pennsylvania, its agencies, and its

---

[4] Judge Mehalchick states the correct standards regarding motions to dismiss under Fed.R.Civ.P. 12(b)(1), (6), and the background and procedurally history of this case, so they will not be repeated.

4

employees acting in their official capacities, from suits brought pursuant to 42 U.S.C. §1983 in federal court, *see* Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). As explained by the District Court, none of the exceptions to Eleventh Amendment immunity applies here because Pennsylvania has not consented to suit in federal court, see 1 Pa. Cons.Stat. Ann. §2310; 42 Pa. Cons.Stat. Ann. §8521(b), and the defendant, [ ], is a sub-unit of Pennsylvania's unified judicial system. All courts in the unified judicial system are part of the Commonwealth and are entitled to Eleventh Amendment immunity. *See* Haybarger v. Lawrence County Adult Probation & Parole, 551 F.3d 193, 198 (3d Cir. 2008). Furthermore, "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." Callahan v. City of Philadelphia, 207 F.3d 668, 674 (3d Cir. 2000). *See also* Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] State is not a 'person' within the meaning of §1983."

Therefore, all of plaintiff's claims for injunctive and declaratory relief against the State Court Defendants and the Commonwealth of Pennsylvania should be dismissed pursuant to Eleventh Amendment immunity. *See* Naranjo v. City of Philadelphia, 626 Fed.Appx. 353, 355-56 (3d Cir. 2015) (Third Circuit stated that "judges are generally immune from claims under §1983 for injunctive relief.") (citing Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006)).

Accordingly, State Court Defendants' motion to dismiss, (Doc. 12), plaintiff's amended complaint, (Doc. 11), will be **GRANTED**, and plaintiff's claims against them for declaratory and injunctive relief will be **DISMISSED WITH PREJUDICE**. Further, all of plaintiff's claims against the Commonwealth of Pennsylvania will be **DISMISSED WITH PREJUDICE**

5

pursuant to 28 U.S.C. §1915(e)(2)(B) (iii).

The court will now address plaintiff's claims for declaratory and injunctive relief against the remaining defendants. Judge Mehalchick has screened plaintiff's amended complaint as to the remaining defendants as required, *see* Naranjo, 626 Fed.Appx. a 355, and she finds that the amended complaint should be dismissed in its entirety as to these defendants.

At the outset, the plaintiff's requests for declaratory relief, regarding the two Pennsylvania criminal statutes under which he was convicted, as well as the Pennsylvania Post Conviction Relief Act ("PCRA"), must be dismissed. Dismissal is warranted regarding plaintiff's requests that his Dauphin County and Luzerne County convictions be declared unconstitutional and overturned based on his contention that the criminal statutes were applied to him in an overly broad manner.

Declaratory judgment is not meant to adjudicate alleged past unlawful activity as plaintiff seeks to do in this case. There is no question that plaintiff can request declaratory relief to remedy alleged ongoing violations of his constitutional rights, but, even though plaintiff was tried under the criminal statutes he challenges in his pleading, "he does not plausibly allege that he might be separately prosecuted under them again." *See* Blakeney v. Marsico, 340 Fed.Appx. 778, 780 (3d Cir. 2009)(Third Circuit held that to satisfy the standing requirement of Article III, a party seeking declaratory relief must allege that there is a substantial likelihood that he will suffer harm in the future)(citations omitted). However, plaintiff is not entitled to declaratory relief

for alleged violations of his rights in the past, as he attempts to allege in this case. *Id*. (citing Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987)(Third Circuit directed district court to dismiss plaintiff's §1983 claim for prospective relief where he "has done nothing more than allege past exposure to unconstitutional state action").

The plaintiff's amended complaint is mainly an attempt to challenge his state court criminal convictions and "[d]eclaratory relief is not available to attack a criminal conviction." Willaman v. Ferentino, 173 Fed.Appx. 942 (3d Cir. 2006).[5] Therefore, plaintiff's requests for declaratory judgment regarding alleged past constitutional violations related to his state court criminal convictions and proceedings will be **DISMISSED WITH PREJUDICE**.

Similarly, the *Younger* Abstention doctrine[6] bars plaintiff's requests for declaratory and injunctive relief regarding his ongoing state court appeals, both direct and collateral, including his PCRA proceedings. Under the *Younger* abstention doctrine, this court should not intervene in plaintiff's pending state criminal cases. The United States Supreme Court has recognized "a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable harm to a

---

[5]The plaintiff's claims are likely further barred by the *Rooker-Feldman* doctrine.

[6]*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992).

7

federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979)(discussing the abstention doctrine articulated by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), and determining that it applies to civil, as well as criminal, proceedings). Application of the *Younger* doctrine to §1983 civil rights actions in which the plaintiff is challenging the pending state court criminal charges filed against him and is alleging that the initiation and prosecution in the ongoing underlying state court action "violated and continues to violate his constitutional rights" is appropriate. *See* Smithson v. Rizzo, 2015 WL 1636143, *4; Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017).

Thus, *Younger* abstention is appropriate with respect to plaintiff's claims for prospective relief regarding his ongoing state proceedings. *See* Mikhail v. Kahn, 991 F. Supp. 2d 596, 632 (E.D.Pa. 2014) ("The *Younger* doctrine is as applicable to suits for declaratory relief as it is to the those for injunctive relief....") (citation omitted). As such, these claims will be **DISMISSED**.

Finally, Judge Mehalchick discusses plaintiff's challenges to the constitutionality of the Descardes decision.[7] She states that "[plaintiff]

---

[7]*See* Com. v. Descardes, 635 Pa. 395, 136 A.3d 493 (2016). In Com. v. Porter, 2018 WL 1404542, *1 n. 5 (Pa. Super. 2018), the Superior Court noted that in Descardes, the defendant filed a PCRA petition after he completed his sentence and the Supreme Court "held that the petition 'should have been dismissed because, [the defendant] was no longer incarcerated at the time [the PCRA petition] was filed, he was ineligible for PCRA relief, and thus, ... the PCRA court ... lacked jurisdiction to entertain the petition.'" (citing

8

requests that the decision be reversed, or otherwise prohibited from being applied to his 'appeals, motions, and [PCRA] petitions' that stem from the Dauphin County and Luzerne County Convictions."

In Porter, 2018 WL 1404542, *2, the Superior Court indicated that the clear language of the PCRA statute, 42 Pa.C.S.A. §9543(a)(1)(i), provides:

> To be eligible for relief [ ], the petitioner must plead and prove by a preponderance of the evidence all of the following: (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is, at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime; [or] (ii) awaiting execution of a sentence of death for the crime[.]"

Thus, subsection (i) clearly provides that a PCRA petitioner must prove he is "currently serving a sentence of imprisonment, probation or parole for the crime", and that if the petitioner does not meet this requirement he is not eligible for PCRA relief. *See* 42 Pa.C.S.A. §9543(a)(1)(i). Any other "interpretation would violate [PA's] Statutory Construction Act's mandate to give effect to clear and unambiguous words of a statute." Porter, 2018 WL 1404542, *3 (citing 1 Pa.C.S.A. §1921(a)-(b); Com. v. Williams, 84 A.3d 680, 687 (Pa. 2014) (PA Supreme Court stated "When the words of a statute are clear and unambiguous, we must give effect to those words.")). *See also* Com. v. Castellanos, 2017 WL 1655390, *4 (Pa. Super. May 2, 2017) (Supreme Court held in Descardes that "where claim is cognizable under PCRA, PCRA is sole method to obtain collateral review" and since "petitioner

---

Descardes, 136 A.3d at 497, 503).

9

was no longer serving probationary sentence when he filed petition, [ ] he was ineligible for PCRA relief", and "both PCRA court and Superior Court lacked jurisdiction to entertain petition").

To the extent that plaintiff is deemed as seeking this court to issue a writ of mandamus, under 28 U.S.C. §1361, to intervene in his state court proceedings by enjoining or prohibiting the application of the Descardes decision, this court has no authority to direct a state court or officer to perform any action or duty. *See* In re Wallace, 405 Fed.Appx. 580 (3d Cir. 2011) (federal court has no mandamus jurisdiction over a state court to compel it to dismiss criminal charges, or to direct it to perform any action or duty). Plaintiff argues in his supplemental objections that he does not seek mandamus, rather he seeks this court to find that the state courts exceeded their jurisdiction with respect to the Descardes decision since it dealt with immigration law which is preempted by the federal government. Thus, plaintiff contends that this court should enjoin the state courts from applying the Descardes decision to his state criminal cases. Regardless, since plaintiff seeks this court to preclude the state courts from applying the Descardes decision to his state criminal cases, this sounds in mandamus relief.

In order to obtain a writ of mandamus under 28 U.S.C. §1361, plaintiff must demonstrate that he "lack[s] adequate alternative means to obtain the relief he seek[s]" and he "carr[ies] the burden of showing that his right to issuance of the writ is 'clear and indisputable.'" Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 309, 109 S.Ct.

1814 (1989). Plaintiff has adequate state remedies available to him and he has failed to show he has a "clear and indisputable" right to the writ. Also, §1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Id. None of the defendants are officers or employees of the United States or of a federal agency and, plaintiff does not allege any action or omission by a federal officer, employee or agency.

Therefore, to the extent plaintiff seeks this court to reverse and overturn the Descardes decision based on the void-for-vagueness doctrine, to strike the PCRA statute, and to enjoin the state court from applying this decision and this statute to his current and future state court appeals, his request is without merit. Thus, plaintiff's requests for injunctive and declaratory relief regarding the PCRA statute, and the Descardes decision and its progeny, will be **DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) (i).

Additionally, insofar as plaintiff requests the court to appoint him counsel in his objections, (Doc. 24 at 1), his request will be **DENIED AS MOOT** since the court is dismissing his amended complaint in its entirety, as discussed above.

Finally, based on the above, it would be futile to grant plaintiff leave to file a second amended complaint. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ( "[I]n civil rights

cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## IV. CONCLUSION

Based on the foregoing, the report and recommendation of Judge Mehalchick, (Doc. 21), is **ADOPTED IN ITS ENTIRETY**, and plaintiff's amended complaint, (Doc. 11), is **DISMISSED IN ITS ENTIRETY**. The objections filed by plaintiff, (Doc. 24), are **OVERRULED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 25, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1531-01.wpd